# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORBERT M. PAYTON, | No. 2:19-CV-0426-DMC-P |
| Plaintiff, | |
| v. | ORDER |
| NATHAN M. ANDERSON, et al., | |
| Defendants. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is Plaintiff's complaint (ECF No. 1).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it

rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff names the following as defendants: (1) Nathan M. Anderson, correctional officer; (2) Marcellina Perry, registered nurse; and (3) Whitney Taylor, licensed vocational nurse. The allegations outlined in the complaint, which relate to plaintiff's confinement while a pretrial detainee, may be summarized as follows:

On January 24, 2019, Defendant Nathan Anderson refused to serve Plaintiff's preapproved religious diet for his morning meal. In response, Plaintiff stuck his arm through the food port and asked to be fed or speak with the unit supervisor. Plaintiff did not make threatening comments or gestures. Defendant Anderson forcefully shut the metal food port door on Plaintiff's arm and pressed his weight against the flap attempting to break Plaintiff's arm. Defendant did this for several minutes before giving up and notifying a supervisor. Plaintiff suffered a one-centimeter cut, swelling, and bruising from the incident. See ECF No. 1, p. 3.

Plaintiff requested medical attention for his injuries. Defendants Marcellina Perry and Whitney Taylor arrived, gave Plaintiff a bandage, and told him how to treat himself. Defendants said they could see nothing wrong and thought Plaintiff was fine. Refusing to provide a more thorough examination, they instructed Plaintiff "to put in a sick call slip like everyone else" if he desired further attention. ECF No. 1, p. 2. As a result, Plaintiff was unable to sleep or lie down for several hours because of the pain.

Plaintiff has alleged the following claims: (1) Defendant Anderson used excessive force to slam his arm in the food slot; and (2) Defendants Perry and Taylor failed to provide adequate medical care for Plaintiff's injuries.

///

## II. DISCUSSION

### A. Excessive Force

Pretrial detainees are afforded greater protection under the constitution than prisoners. Stone v. City of San Francisco, 968 F.2d 850, 857 n.10 (9th Cir. 1992). A pretrial detainee's right to be free from excessive force comes from the Due Process Clause of the Fourteenth Amendment and not the Eighth Amendment. Kingsley v. Hendrickson, 135 S. Ct. 2466, 2473 (2015). Unless the plaintiff demonstrates that the defendant intended to punish the inmate, conditions or restrictions that are reasonably related to legitimate penological objectives do not violate pretrial detainees' right to be free from punishment. See Block v. Rutherford, 468 U.S. 576, 584 (1984). Pretrial detainees must show that the defendant purposely or knowingly used objectively unreasonable force. Kingsley, 135 S. Ct. at 2473.

Here, Plaintiff alleges a cognizable Fourteenth Amendment claim against Defendant Anderson. The length of time that Defendant Anderson held the food port door closed on Plaintiff's arm sufficiently demonstrates Defendant Anderson's purposeful use of force. The force was not only purposeful, but also unreasonable because Plaintiff was only asking to be fed his preapproved meal. Thus, Plaintiff's claim is sufficient for service.

### B. Medical Care

The Ninth Circuit held that pretrial detainees' claims arise under the Due Process Clause of the Fourteenth Amendment, but the Eighth Amendment provides a minimum standard of medical care. Johnson v. Meltzer, 134 F.3d 1393, 1398 (9th Cir. 1998). A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm. Farmer v. Brennan, 511 U.S. 825, 834 (1994). Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind." See id.

///

///

1         Deliberate indifference to a prisoner's serious illness or injury, or risks of serious injury or illness, gives rise to a claim under the Eighth Amendment. See Estelle, 429 U.S. 97, 105 (1976); see also Farmer, 511 U.S. at 837. An injury or illness is sufficiently serious if the failure to treat a prisoner's condition could result in further significant injury or the ". . . unnecessary and wanton infliction of pain." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992); see also Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994). Factors indicating seriousness are: (1) whether a reasonable doctor would think that the condition is worthy of comment; (2) whether the condition significantly impacts the prisoner's daily activities; and (3) whether the condition is chronic and accompanied by substantial pain. See Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000) (en banc).

        The requirement of deliberate indifference is less stringent in medical needs cases than in other Eighth Amendment contexts because the responsibility to provide inmates with medical care does not generally conflict with competing penological concerns. See McGuckin, 974 F.2d at 1060. Thus, deference need not be given to the judgment of prison officials as to decisions concerning medical needs. See Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989). The complete denial of medical attention may constitute deliberate indifference. See Toussaint v. McCarthy, 801 F.2d 1080, 1111 (9th Cir. 1986). Delay in providing medical treatment, or interference with medical treatment, may also constitute deliberate indifference. See Lopez, 203 F.3d at 1131. Where delay is alleged, however, the prisoner must also demonstrate that the delay led to further injury. See McGuckin, 974 F.2d at 1060.

        Negligence in diagnosing or treating a medical condition does not, however, give rise to a claim under the Eighth Amendment. See Estelle, 429 U.S. at 106. Moreover, a difference of opinion between the prisoner and medical providers concerning the appropriate course of treatment does not give rise to an Eighth Amendment claim. See Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).

///

///

///

4

The Ninth Circuit has further held that a pretrial detainee's claim of inadequate medical care should be evaluated using an objective deliberate indifference standard. See <u>Gordon v. Cty. of Orange</u>, 888 F.3d 1118, 1124-25 (2018). Therefore, pretrial detainees must demonstrate the defendant objectively knew of and disregarded a serious injury or risk of serious injury.

Here Plaintiff fails to state a cognizable claim against Defendants Perry and Taylor. His allegations do not establish that Defendants knew of or disregarded a risk of serious injury to Plaintiff. Instead, the facts suggest otherwise since they "could see nothing wrong" with him. ECF No. 1, p. 2. This court also notes the supplemental materials provided by Plaintiff show Defendants had a limited ability to assess Plaintiff because of his "uncooperative behavior." ECF No. 1, p. 11. Plaintiff's exhibits allege that Defendants advised Plaintiff of a treatment plan, but Plaintiff refused to follow it. <u>See</u> <u>id.</u> These allegations suggest Plaintiff's course of treatment was limited, in part, by his own behavior, rather than any deliberate indifference by Defendants. Therefore, the complaint does not demonstrate deliberate indifference.

Even if Plaintiff had sufficiently alleged deliberate indifference, his claim still fails to demonstrate a serious injury. The complaint alleges that Defendant Anderson's actions left Plaintiff with a one centimeter cut and bruising. Although these injuries prevented Plaintiff from sleeping or lying down for several hours, the complaint fails to establish that Defendants' actions caused him further significant injury or the unnecessary and wanton infliction of pain.

Thus, Plaintiff fails to state a cognizable claim against Defendants Perry and Taylor for violating his Fourteenth Amendment rights. Plaintiff will be given leave to amend. His amended complaint must demonstrate that Defendants knew of and disregarded Plaintiff's medical needs. Plaintiff must also allege that he was at risk or did suffer from a serious injury that amounts to more than a few hours of discomfort.

///
///
///
///

## III. CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, Plaintiff is entitled to leave to amend. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Therefore, if Plaintiff amends the complaint, the court cannot refer to the prior pleading in order to make Plaintiff's amended complaint complete. See Local Rule 220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Because the complaint appears to otherwise state cognizable claims, if no amended complaint is filed within the time allowed therefor, the court will issue findings and recommendations that the claims identified herein as defective be dismissed, as well as such further orders as are necessary for service of process as to the cognizable claims.

Accordingly, IT IS HEREBY ORDERED that Plaintiff may file a first amended complaint within 30 days of the date of service of this order.

Dated: June 10, 2019

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE