# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORBERT M. PAYTON,<br><br>    Plaintiff,<br><br>    v.<br><br>NATHAN M. ANDERSON, et al.,<br><br>    Defendants. | No. 2:19-CV-0426-WBS-DMC-P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is Plaintiff's complaint (ECF No. 1).

On June 11, 2019, the court issued an order addressing plaintiff's complaint. See ECF No. 7. The court summarized plaintiff's allegations and claims as follows:

> Plaintiff names the following as defendants: (1) Nathan M. Anderson, correctional officer; (2) Marcellina Perry, registered nurse; and (3) Whitney Taylor, licensed vocational nurse. The allegations outlined in the complaint, which relate to plaintiff's confinement while a pretrial detainee, may be summarized as follows:
> On January 24, 2019, Defendant Nathan Anderson refused to serve Plaintiff's preapproved religious diet for his morning meal. In response, Plaintiff stuck his arm through the food port and asked to be fed or speak with the unit supervisor. Plaintiff did not make threatening comments or gestures. Defendant Anderson forcefully shut the metal food port door on Plaintiff's arm and pressed his weight against the flap attempting to break Plaintiff's arm. Defendant did this for several minutes before giving up and notifying a supervisor. Plaintiff suffered a one-centimeter cut, swelling, and bruising from the incident. See ECF No. 1, p. 3.

1

Plaintiff requested medical attention for his injuries. Defendants Marcellina Perry and Whitney Taylor arrived, gave Plaintiff a bandage, and told him how to treat himself. Defendants said they could see nothing wrong and thought Plaintiff was fine. Refusing to provide a more thorough examination, they instructed Plaintiff "to put in a sick call slip like everyone else" if he desired further attention. ECF No. 1, p. 2. As a result, Plaintiff was unable to sleep or lie down for several hours because of the pain.

Plaintiff has alleged the following claims: (1) Defendant Anderson used excessive force to slam his arm in the foot slot; and (2) Defendants Perry and Taylor failed to provide adequate medical care for Plaintiff's injuries.

ECF No. 7, pg. 2.

The court determined plaintiff states a cognizable excessive force claim against defendant Anderson but fails to state a claim against defendants Perry and Taylor based on denial of adequate medical care. See id. at 3-5.

As to plaintiff's medical care claim against defendants Perry and Taylor, the court stated:

> The Ninth Circuit held that pretrial detainees' claims arise under the Due Process Clause of the Fourteenth Amendment, but the Eighth Amendment provides a minimum standard of medical care. Johnson v. Meltzer, 134 F.3d 1393, 1398 (9th Cir. 1998). A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm. Farmer v. Brennan, 511 U.S. 825, 834 (1994). Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind." See id.
>
> Deliberate indifference to a prisoner's serious illness or injury, or risks of serious injury or illness, gives rise to a claim under the Eighth Amendment. See Estelle, 429 U.S. 97, 105 (1976); see also Farmer, 511 U.S. at 837. An injury or illness is sufficiently serious if the failure to treat a prisoner's condition could result in further significant injury or the ". . . unnecessary and wanton infliction of pain." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992); see also Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994). Factors indicating seriousness are: (1) whether a reasonable doctor would think that the condition is worthy of comment; (2) whether the condition significantly impacts the prisoner's daily activities; and (3) whether the condition is chronic and accompanied by substantial pain. See Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000) (en banc).
>
> The requirement of deliberate indifference is less stringent in medical needs cases than in other Eighth Amendment contexts because the responsibility to provide inmates with medical care does not generally conflict with competing penological concerns. See McGuckin, 974 F.2d

at 1060. Thus, deference need not be given to the judgment of prison officials as to decisions concerning medical needs. See Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989). The complete denial of medical attention may constitute deliberate indifference. See Toussaint v. McCarthy, 801 F.2d 1080, 1111 (9th Cir. 1986). Delay in providing medical treatment, or interference with medical treatment, may also constitute deliberate indifference. See Lopez, 203 F.3d at 1131. Where delay is alleged, however, the prisoner must also demonstrate that the delay led to further injury. See McGuckin, 974 F.2d at 1060.

Negligence in diagnosing or treating a medical condition does not, however, give rise to a claim under the Eighth Amendment. See Estelle, 429 U.S. at 106. Moreover, a difference of opinion between the prisoner and medical providers concerning the appropriate course of treatment does not give rise to an Eighth Amendment claim. See Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).

The Ninth Circuit has further held that a pretrial detainee's claim of inadequate medical care should be evaluated using an objective deliberate indifference standard. See Gordon v. Cty. of Orange, 888 F.3d 1118, 1124-25 (2018). Therefore, pretrial detainees must demonstrate the defendant objectively knew of and disregarded a serious injury or risk of serious injury.

Here Plaintiff fails to state a cognizable claim against Defendants Perry and Taylor. His allegations do not establish that Defendants knew of or disregarded a risk of serious injury to Plaintiff. Instead, the facts suggest otherwise since they "could see nothing wrong" with him. ECF No. 1, p. 2. This court also notes the supplemental materials provided by Plaintiff show Defendants had a limited ability to assess Plaintiff because of his "uncooperative behavior." ECF No. 1, p. 11. Plaintiff's exhibits allege that Defendants advised Plaintiff of a treatment plan, but Plaintiff refused to follow it. See id. These allegations suggest Plaintiff's course of treatment was limited, in part, by his own behavior, rather than any deliberate indifference by Defendants. Therefore, the complaint does not demonstrate deliberate indifference.

Even if Plaintiff had sufficiently alleged deliberate indifference, his claim still fails to demonstrate a serious injury. The complaint alleges that Defendant Anderson's actions left Plaintiff with a one centimeter cut and bruising. Although these injuries prevented Plaintiff from sleeping or lying down for several hours, the complaint fails to establish that Defendants' actions caused him further significant injury or the unnecessary and wanton infliction of pain.

Thus, Plaintiff fails to state a cognizable claim against Defendants Perry and Taylor for violating his Fourteenth Amendment rights. Plaintiff will be given leave to amend. His amended complaint must demonstrate that Defendants knew of and disregarded Plaintiff's medical needs. Plaintiff must also allege that he was at risk or did suffer from a serious injury that amounts to more than a few hours of discomfort.

ECF No. 7, pgs. 3-5.

///

///

///

Plaintiff was provided an opportunity to file a first amended complaint within 30 days addressing the deficiencies identified by the court. See id. at 6. On August 2, 2019, the court sua sponte extended the deadline to file a first amended complaint to September 2, 2019. See ECF No. 9. To date, plaintiff has not filed a first amended complaint.[1]

Based on the foregoing, the undersigned recommends that:

1. Plaintiff's medical care claim against defendants Perry and Taylor be dismissed; and

2. The action proceed on plaintiff's original complaint on plaintiff's excessive force claim against defendant Anderson only.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 3, 2019

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

---

[1] By separate order issued herewith, the court has directed plaintiff to submit documents necessary for service on defendant Anderson.