1
2
3
4
5
6
7
8              **IN THE UNITED STATES DISTRICT COURT**

9              **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11    NORBERT MAURICE PAYTON,              No.  2:19-CV-0426-WBS-DMC-P

12              Plaintiff,

13         v.                              FINDINGS AND RECOMMENDATIONS

14    NATHAN M. ANDERSON,

15              Defendant.

16

17              Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to

18    42 U.S.C. § 1983.  Pending before the Court is defendant Nathan Anderson's motion to dismiss

19    plaintiff's complaint (ECF No. 18).

20

21                            **I.  PLAINTIFF'S ALLEGATIONS**

22              This action proceeds against defendant Anderson for alleged use of excessive force

23    in violation of the Fourteenth Amendment.  See ECF No. 16 at 2.  As previously summarized by

24    the Court, plaintiff alleges the following:

25              On January 24, 2019, Defendant Nathan Anderson refused to
              serve Plaintiff's preapproved religious diet for his morning meal. In
26            response, Plaintiff stuck his arm through the food port and asked to
              be fed or speak with the unit supervisor. Plaintiff did not make
27            threatening comments or gestures. Defendant Anderson forcefully
              shut the metal food port door on Plaintiff's arm and pressed his
28            weight against the flap attempting to break Plaintiff's arm. Defendant

                                             1

1             did this for several minutes before giving up and notifying a

2             supervisor. Plaintiff suffered a one-centimeter cut, swelling, and bruising from the incident.

3             ECF No. 12 at 1.

4             Plaintiff, then a pretrial detainee, claims defendant used excessive force, violating

5 plaintiff's due process rights under the Fourteenth Amendment.

6

7 **II.  STANDARD OF REVIEW**

8             In considering a motion to dismiss, the Court must accept all allegations of

9 material fact in the complaint as true.  See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007).  The

10 Court must also construe the alleged facts in the light most favorable to the plaintiff.  See Scheuer

11 v. Rhodes, 416 U.S. 232, 236 (1974); see also Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S.

12 738, 740 (1976); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam).  All

13 ambiguities or doubts must also be resolved in the plaintiff's favor.  See Jenkins v. McKeithen,

14 395 U.S. 411, 421 (1969).  However, legally conclusory statements, not supported by actual

15 factual allegations, need not be accepted.  See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009).

16 In addition, pro se pleadings are held to a less stringent standard than those drafted by lawyers.

17 See Haines v. Kerner, 404 U.S. 519, 520 (1972).

18             Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement

19 of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair

20 notice of what the . . . claim is and the grounds upon which it rests."  Bell Atl. Corp v. Twombly,

21 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  However, in order

22 to survive dismissal for failure to state a claim under Rule 12(b)(6), a complaint must contain

23 more than "a formulaic recitation of the elements of a cause of action;" it must contain factual

24 allegations sufficient "to raise a right to relief above the speculative level."  Id. at 555-56.  The

25 complaint must contain "enough facts to state a claim to relief that is plausible on its face."  Id. at

26 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the

27 court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

28 Iqbal, 129 S. Ct. at 1949.  "The plausibility standard is not akin to a 'probability requirement,' but

1   it asks for more than a sheer possibility that a defendant has acted unlawfully." <u>Id.</u> (quoting

2   <u>Twombly</u>, 550 U.S. at 556).  "Where a complaint pleads facts that are 'merely consistent with' a

3   defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement

4   to relief." <u>Id.</u> (quoting <u>Twombly</u>, 550 U.S. at 557).

5           In deciding a Rule 12(b)(6) motion, the Court generally may not consider materials

6   outside the complaint and pleadings.  <u>See Cooper v. Pickett</u>, 137 F.3d 616, 622 (9th Cir. 1998);

7   <u>Branch v. Tunnell</u>, 14 F.3d 449, 453 (9th Cir. 1994).  The Court may, however, consider: (1)

8   documents whose contents are alleged in or attached to the complaint and whose authenticity no

9   party questions, <u>see Branch</u>, 14 F.3d at 454; (2) documents whose authenticity is not in question,

10  and upon which the complaint necessarily relies, but which are not attached to the complaint, <u>see</u>

11  <u>Lee v. City of Los Angeles</u>, 250 F.3d 668, 688 (9th Cir. 2001); and (3) documents and materials

12  of which the Court may take judicial notice, <u>see Barron v. Reich</u>, 13 F.3d 1370, 1377 (9th Cir.

13  1994).

14          Finally, leave to amend must be granted "[u]nless it is absolutely clear that no

15  amendment can cure the defects." <u>Lucas v. Dep't of Corr.</u>, 66 F.3d 245, 248 (9th Cir. 1995) (per

16  curiam); <u>see also Lopez v. Smith</u>, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).

17

18                                  **III. DISCUSSION**

19          In the motion to dismiss, defendant argues that: (1) plaintiff failed to adequately

20  state a claim of excessive force under the Fourteenth Amendment, and (2) defendants are

21  nonetheless entitled to qualified immunity.  For the reason's discussed below, the Court is

22  unconvinced by either argument.

23      A.      **<u>Exhibit Incident Reports</u>**

24          Defendant argues that the Court erred in screening the complaint without referring

25  to the attached incident reports therein. <u>See</u> ECF No. 18-1 at 4-7.  The Court does not agree.

26  / / /

27  / / /

28  / / /

1    Pursuant to Federal Rule of Civil Procedure 10(c), the incident reports attached to

2    the complaint as exhibits are part of the pleading for all purposes.  As referenced in the section

3    above, "material which is properly submitted as part of the complaint may be considered on a

4    motion to dismiss."  Branch, 14 F.3d at 453 (emphasis and quotations omitted).  However, the

5    Court is required to resolve all ambiguities or doubts in plaintiff's favor.  See Jenkins, 395 U.S. at

6    421.

7    Defendant argues the contents of the incident reports attached to the complaint,

8    which include defendant's account of the exchange with plaintiff, should be accepted as true by

9    the Court.  See ECF No. 18-1 at 6.  However, defendant himself notes that there is no binding

10   precedent for the Court to accept defendant's account of the events described in the incident

11   reports as true.  Id.  Furthermore, the caselaw defendant does cite are distinguishable from the

12   present action: Tyson v. Eagleton, 2007 WL 2477337 (D.S.C. Aug. 28, 2007) (holding incident

13   reports from multiple witnesses evidenced no genuine issue to any material fact in granting a

14   motion for summary judgment); James v. Correct Care Solutions, 2013 WL 5730176 (S.D.N.Y.

15   Oct. 21, 2013) (granting a motion to dismiss where an exhibit grievance, which included

16   plaintiff's written statement, contradicted his own allegations in the complaint).  Unlike James

17   and Tyson, the incident reports here are not evidence of plaintiff contradicting himself, nor of

18   multiple witnesses supporting a finding of no genuine issue of material fact.

19   In the present case, the content of the incident reports tells defendant's side of the

20   exchange with plaintiff.  Defendant merely attempts to argue that his word prevails over

21   plaintiff's allegations.  However, at this stage, the Court must construe all alleged facts in the

22   light most favorable to the plaintiff.  See Rhodes, 416 U.S. at 236.  Even accepting the contents of

23   the incident reports as true along with the rest of the complaint, defendant's testimony only

24   suffices to create doubt in the allegations giving rise to the present claim.  At this juncture, the

25   Court is obligated to construe that doubt in plaintiff's favor.  See Jenkins, 395 U.S. at 421.

26   Therefore, the contents of the incident reports, in themselves, are insufficient to grant defendant's

27   motion to dismiss.

28   / / /

4

1          **B.**      **Failure to State a Claim for Relief**

2          Defendant argues the complaint should be dismissed for failure to state a claim

3    upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

4    Defendant contends that plaintiff failed to allege defendant acted objectively unreasonably, as

5    required for an excessive force claim under the Fourteenth Amendment.  See ECF No. 18-1 at 4-

6    7.  The Court disagrees.

7          As a pretrial detainee, plaintiff, possesses greater constitutional rights than

8    prisoners.  Stone v. City of San Francisco, 968 F.2d 850, 857 n.10 (9th Cir. 1992).  Under the

9    Due Process Clause, a pretrial detainee is protected from the use of excessive force that amounts

10   to punishment.  Kingsley v. Hendrickson, 135 S. Ct. 2466, 2473 (2015).  As defendant notes,

11   pretrial detainees must show the defendant purposely or knowingly used objectively unreasonable

12   force.  Id.  Objective reasonableness turns on the facts and circumstances of each particular case.

13   Id.  Within the context of each case, the Court must determine objective reasonableness "from the

14   perspective of a reasonable officer on the scene . . . ."  Id.  A court must also account for the

15   legitimate interests that stem from the need to manage the jail, appropriately deferring to policies

16   and practices jail officials deem necessary to preserve internal order and discipline and to

17   maintain institutional security.  Id.

18          According to defendant, a reasonable officer on the scene during his exchange

19   with plaintiff could not find his actions objectively unreasonable.  See ECF No. 18-1 at 4-7.

20   Defendant argues the incident reports attached to the complaint show plaintiff behaved

21   aggressively before throwing his hands through the food port.  See id.  When plaintiff reached

22   through the food port, defendant claims he perceived plaintiff's reach as an attempt to punch him

23   or grab his equipment.  See id.  However, defendant's account only casts doubt regarding the

24   truth of plaintiff's allegations, which, at this stage, the Court is obligated to construe in favor of

25   plaintiff.  See Jenkins, 395 U.S. at 421.

26          Contrary to the contents of the incident reports, plaintiff alleges he never used

27   threatening language nor acted physically hostile towards defendant.  ECF No. 1 at 3.  According

28   to plaintiff, defendant repeatedly slammed the food port door on plaintiff's arms in response to

1    plaintiff refusing to let the door close before he was given his preapproved diet.  Id.  Eventually,

2    defendant used his body weight to close the food port door on plaintiff's arms and continued for

3    several minutes.  Id.  Construing the complaint's allegations in plaintiff's favor, defendant's

4    actions did not appear to serve the purpose of preserving internal order, discipline, or safety.

5    Thus, the alleged prolonged length of time and escalation of force used by defendant in response

6    to plaintiff insisting upon his preapproved diet demonstrates objectively unreasonable conduct.

7           **C.      Qualified Immunity**

8           Lastly, defendant argues that the action should be dismissed because, regardless of

9    the claim's validity, defendant is entitled to qualified immunity.  Here, the Court is similarly

10   unconvinced.

11          Government officials enjoy qualified immunity from civil damages unless their

12   conduct violates "clearly established statutory or constitutional rights of which a reasonable

13   person would have known."  Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).  In general,

14   qualified immunity protects "all but the plainly incompetent or those who knowingly violate the

15   law."  Malley v. Briggs, 475 U.S. 335, 341 (1986).  In ruling upon the issue of qualified

16   immunity, the initial inquiry is whether, taken in the light most favorable to the party asserting the

17   injury, the facts alleged show the defendant's conduct violated a constitutional right.  See Saucier

18   v. Katz, 533 U.S. 194, 201 (2001).  If a violation can be made out, the next step is to ask whether

19   the right was clearly established.  See id.  This inquiry "must be undertaken in light of the specific

20   context of the case, not as a broad general proposition . . . ."  Id.  "[T]he right the official is

21   alleged to have violated must have been 'clearly established' in a more particularized, and hence

22   more relevant, sense:  The contours of the right must be sufficiently clear that a reasonable

23   official would understand that what he is doing violates that right."  Id. at 202 (citation omitted).

24   Thus, the final step in the analysis is to determine whether a reasonable officer in similar

25   circumstances would have thought his conduct violated the alleged right.  See id. at 205.

26          When identifying the right allegedly violated, the court must define the right more

27   narrowly than the constitutional provision guaranteeing the right, but more broadly than the

28   factual circumstances surrounding the alleged violation.  See Kelly v. Borg, 60 F.3d 664, 667 (9th

6

1   Cir. 1995).  For a right to be clearly established, "[t]he contours of the right must be sufficiently

2   clear that a reasonable official would understand [that] what [the official] is doing violates the

3   right."  See Anderson v. Creighton, 483 U.S. 635, 640 (1987).  Ordinarily, once the court

4   concludes that a right was clearly established, an officer is not entitled to qualified immunity

5   because a reasonably competent public official is charged with knowing the law governing his

6   conduct.  See Harlow v. Fitzgerald, 457 U.S. 800, 818-19 (1982).  However, even if the plaintiff

7   has alleged a violation of a clearly established right, the government official is entitled to

8   qualified immunity if he could have ". . . reasonably but mistakenly believed that his . . . conduct

9   did not violate the right."  Jackson v. City of Bremerton, 268 F.3d 646, 651 (9th Cir. 2001); see

10  also Saucier, 533 U.S. at 205.

11          The first factors in the qualified immunity analysis involve purely legal questions.

12  See Trevino v. Gates, 99 F.3d 911, 917 (9th Cir. 1996).  The third inquiry involves a legal

13  determination based on a prior factual finding as to the reasonableness of the government

14  official's conduct.  See Neely v. Feinstein, 50 F.3d 1502, 1509 (9th Cir. 1995).  The district court

15  has discretion to determine which of the Saucier factors to analyze first.  See Pearson v. Callahan,

16  555 U.S. 223, 236 (2009).  In resolving these issues, the court must view the evidence in the light

17  most favorable to plaintiff and resolve all material factual disputes in favor of plaintiff.  See

18  Martinez v. Stanford, 323 F.3d 1178, 1184 (9th Cir. 2003).

19          Plaintiff alleges sufficient facts to show defendant allegedly used excessive force

20  in violation of his Fourteenth Amendment rights, and thereby plaintiff satisfies the first Saucier

21  factor.  Regarding the second factor, defendant argues plaintiff failed to demonstrate defendant's

22  conduct violated a "clearly established" right.  See ECF No. 18-1 at 7-8.  Defendant continues to

23  argue that even if the allegedly violated right was "clearly established," defendant's conduct was

24  not unreasonable.  See id.

25              i.      Violation of a Clearly Established Right

26          Defendant argues that no prior caselaw exists to suggest his conduct, in response

27  to plaintiff's hostility, constitutes excessive force in violation of the Fourteenth Amendment.

28  ECF No. 18-1 at 7-8.  To conclude that the right is "clearly established," the court need not

1  identify an identical prior action.  See Anderson, 483 U.S. at 640.  First, the court should "'look

2  to … binding precedent.'" Chappell v. Mandeville, 706 F.3d 1052, 1056 (9th Cir. 2013) (quoting

3  See Osolinski v. Kane, 92 F.3d 934, 936 (9th Cir. 1996)).  Absent binding precedent, the court

4  should consider all relevant precedents, including decisions from the Supreme Court, all federal

5  circuits, federal district courts, and state courts; in addition, the court should consider the

6  likelihood that the Supreme Court or the Ninth Circuit would decide the issue in favor of the

7  person asserting the right.  See Elder v. Holloway, 510 U.S. 510, 512, 516 (1994); see also

8  Chappell, 706 F.3d at 1056.  To deny qualified immunity, however, existing precedent must place

9  the conclusion that defendant acted unreasonably in the alleged circumstances beyond debate.

10  See Ashcroft v. al-Kidd, 563 U.S. 731, 741 (2011).

11          Another Ninth Circuit District Court recently denied qualified immunity where a

12  correctional officer pushed the plaintiff during their post-arrest booking in a county jail. See

13  Acasio v. Lucy, No. 14-cv-04689-JSC, 2017 WL 1316537 at *8-11 (N.D. Cal. Apr. 10, 2017).  In

14  Acasio, plaintiff's Fourth Amendment right, incorporated by the Fourteenth Amendment, to be

15  free from excessive force was violated.  See id.  Like plaintiff's Fourteenth Amendment claim,

16  excessive force claims under the Fourth Amendment are also subject to the objective

17  reasonableness standard, and as such, the Ninth Circuit asserts "that the Fourth Amendment sets

18  the applicable constitutional limitations for considering claims of excessive force during pretrial

19  detention."  Rosales v. County of Los Angeles, No. 12-cv-3852-SVW, 2014 WL 12684989, at *2

20  (C.D. Cal. Apr. 22, 2014) (quoting Gibson v. Cty. of Washoe, 290 F.3d 1175, 1197 (9th Cir.

21  2002)).

22          The amount of force in question in Acasio was lesser than the present case, and the

23  District Court recognized the well-established Ninth Circuit precedent that when no force is

24  necessary, any force—including a push—is unreasonable under the Fourth Amendment."  Acasio,

25  2017 WL 1316537, at *9 (citing Motley v. Parks, 432 F.3d 1072, 1089 (9th Cir. 2005); Fontana v.

26  Haskin, 262 F.3d 871, 880 (9th Cir. 2001)).  In Acasio, a verbal exchange resulted in the

27  defendant telling plaintiff to "shut up" and then pushing the plaintiff.  Given that all factual

28  allegations are currently viewed in the light most favorable to plaintiff, the complaint's

1  allegations that defendant repeatedly slammed the door on plaintiff's arms in response to his

2  request for a preapproved meal violated "clearly established" law that any force is unreasonable

3  where no force is necessary.

4          ii.     Reasonable Conduct

5        Defendant also argues that he is entitled to qualified immunity because his conduct

6  was "objectively reasonable under the circumstances." See ECF No. 18-1 at 7-8. The Court

7  disagrees.

8        A defendant is entitled to qualified immunity if he could have ". . . reasonably but

9  mistakenly believed that his . . . conduct did not violate the right." Jackson, 268 F.3d at 651.

10  However as discussed above, plaintiff has properly alleged that defendant intentionally, and

11  without provocation, slammed the food port door on his arms.  Once a court concludes that a right

12  was clearly established, an officer is generally not entitled to qualified immunity because a

13  reasonably competent public official is charged with knowing the law governing his conduct.  See

14  Harlow v. Fitzgerald, 457 U.S. 800, 818-19 (1982). As discussed above in section (III)(B)(i),

15  plaintiff's allegations, as pled, clearly establish a right barring qualified immunity. Thus, in this

16  context, defendant's actions cannot be considered to have been a reasonable, but mistaken belief.

17  Therefore, defendant Sheldon is not entitled to qualified immunity.

18

19  **V. CONCLUSION**

20        Based on the foregoing, the undersigned recommends that:

21        1.     Defendant's motion to dismiss be denied in full.

22        These findings and recommendations are submitted to the United States District

23  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days

24  after being served with these findings and recommendations, any party may file written

25  ///

26  ///

27  ///

28  ///

objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  <u>See Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

<u>Dated:  July 17, 2020</u>

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE